**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| KWAME G. EVANS | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-02037 |
| WELLS FARGO BANK, N.A. *dba* WELLS FARGO DEALER SERVICES | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT**

Plaintiff, Kwame G. Evans, for his complaint against Wells Fargo Bank, N.A. *dba* Wells Fargo Dealer Services ("Defendant"), states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action to secure redress in the form of injunctive relief, monetary damages, attorneys' fees and costs, and any other relief to which he may be entitled, for Defendant's knowing and/or willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201 *et seq.* ("MCDCA"), and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101 *et seq.* ("MCPA"), in connection with an abusive debt collection campaign it has waged upon Plaintiff. Plaintiff also brings forth a claim for invasion of privacy against Defendant.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is therefore conferred upon this Court by 47 U.S.C § 227 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the District of Maryland and the events and/or omissions giving rise to the claims made herein occurred within the District of Maryland.

## PARTIES

4. Plaintiff, Kwame G. Evans ("Mr. Evans"), is a 42 year old natural person residing in Rosedale, Maryland, which falls within the District of Maryland.

5. Mr. Evans is a "person" as that term is defined and/or used in the TCPA.

6. Mr. Evans is a "debtor" as that term is defined and/or used in the MCDCA.

7. Defendant, Wells Fargo Bank, N.A. *dba* Wells Fargo Dealer Services, is a national banking institution organized under the laws of the United States engaged in the business of automotive credit lending and servicing and debt collection in Maryland and throughout the United States.

8. Defendant is a "person" as that term is defined and/or used in the TCPA.

9. Defendant is a "collector" as that term is defined and/or used in the MCDCA.

## FACTS SUPPORTING CAUSES OF ACTION

10. In or around May 2014, Mr. Evans purchased a vehicle through Defendant.

11. In or around July 2014, Mr. Evans began receiving phone calls from Defendant to his cellular phone (XXX) XXX-0316 when he fell behind on his car payments.

12. Mr. Evans received additional calls from Defendant to his secondary cellular phone (XXX) XXX-7500, which is under the same account.

13. The calls would come from (800) 289-8004, (800) 289-6029 or (410) 702-9034, which, upon information and belief, are phone numbers that Defendant uses in its collection activities.

14. On each of the calls that Mr. Evans answered, he would experience dead-air for a couple of seconds, then a pre-recorded message would click on and tell him to call Wells Fargo Dealer Services at 1-800-289-8004.

15. Sometimes when Mr. Evans would block the calls, electronic messages were left on his voicemail requesting that he call Defendant back.

16. Mr. Evans's mother also received calls from Defendant to her cellular phone (XXX) XXX-0083.

17. Defendant also called Mr. Evans's workplace.

18. When Defendant called Mr. Evans's mother and/or workplace, a live representative would announce that they were calling to collect a debt, and give Defendant's 800 number for Mr. Evans to call back.

19. In or around December 2014, as the calls persisted from Defendant, Mr. Evans answered one of the calls and explicitly told Defendant's live representative to stop calling his cellular phone and to only contact him via mail regarding his account.

20. Mr. Evans would sometimes receive calls from Defendant even if he was not behind on his payments.

21. Between December 2014 and April 2016, the calls continued at roughly the same pace, approximately five (5) times per day, five (5) days per week, even though Mr. Evans routinely asked Defendant to stop calling his cell phone.

22. In or around April 2016, one of Defendant's representatives told Mr. Evans that Defendant would not stop calling his cell phone unless he sent a written request for them to do so.

23. On or around March 31, 2016, Mr. Evans requested in writing that Defendant stop calling his cell phone. A copy of the letter sent from Mr. Evans to Defendant is attached to this complaint as Exhibit A.

24. Defendant received the letter via certified mail delivery on April 8, 2016. *See* Exhibit A.

25. Despite Mr. Evans's numerous demands for the calls to cease, both verbal and written, Defendant has inexplicably continued to place repeated calls to Mr. Evans's cell phone, most recently from a number that just shows up as +29460. *See* screenshots from Mr. Evans's cell phone evidencing three (3) such calls, attached collectively to this complaint as Exhibit B.

26. At this point, Mr. Evans is at a complete loss as to what else he can do to get the calls to stop. Hence, the instant action is being commenced.

27. After a reasonable time to conduct discovery, Mr. Evans believes he can prove that Defendant has engaged in a pattern and practice of such unlawful behavior.

## DAMAGES

28. The conduct of Defendant has been the producing and proximate cause of past, present and future mental distress and emotional anguish stemming from the ongoing invasion of Mr. Evans's privacy and other damages that will be presented to the jury.

29. Mr. Evans justifiably fears and believes that, absent this Court's intervention, Defendant will continue to call him incessantly, use other unlawful practices in attempting to collect from him and ultimately cause him further unwarranted economic and non-economic harm.

30. Mr. Evans has ever-increasing angst and concern that Defendant will never stop calling him.

31. Mr. Evans has incurred charges and expenses that he would not have otherwise incurred if not for Defendant's systematic calls.

32. As a result of Defendant's conduct, Mr. Evans was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

33. As a result of Defendant's conduct, Mr. Evans is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other businesses from engaging in the unlawful collection practices as described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### *47 U.S.C. §§ 227 et seq.*

34. All prior paragraphs are incorporated into this count by reference.

35. The TCPA, specifically 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA defines an ATDS as "equipment which has the capacity. . . to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." *See* 47 U.S.C. § 227(a)(1).

36. Defendant utilized an ATDS in connection with its calls to Plaintiff.

37. Defendant violated the TCPA by placing calls to Plaintiff's cellular phone using an ATDS without Plaintiff's express consent. Any such consent Plaintiff *may* have previously given to Defendant was explicitly and expressly revoked by Plaintiff.

38. Despite actual knowledge that Plaintiff did not consent to the calls, Defendant chose to continue calling Plaintiff anyway.

39. After a reasonable time to conduct discovery, Plaintiff believes he can prove that Defendant's actions were taken intentionally, knowingly, willfully and with conscious disregard for the rights of Plaintiff.

40. After a reasonable time to conduct discovery, Plaintiff believes he can prove that Defendant's actions were taken knowingly and willfully in violation of the TCPA.

41. As a direct and proximate result of Defendant's violations of the TCPA, Plaintiff has suffered considerable harm and injury, entitling Plaintiff to injunctive relief and statutory damages in specific amounts to be proved at trial, pursuant to § 227(b)(3) of the TCPA.

## COUNT II
### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
*MD. CODE §§ 14-202(5), (6)*

42. All prior paragraphs are incorporated into this count by reference.

43. Plaintiff incurred the subject debt primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the MCDCA.

44. The MCDCA states, in relevant part:

> "In collecting or attempting to collect an alleged debt a collector may not: (5) Except as permitted by statute, disclose or threaten to disclose to a person other than the debtor or his spouse or, if the debtor is a minor, his parent, information which affects the debtor's reputation, whether or not for credit worthiness, with knowledge that the other person does not have a legitimate business need for the information; (6) Communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor." Md. Code §§ 14-202(5), (6).

45. Defendant violated § 14-202(5) in contacting Plaintiff's mother and Plaintiff's place of business attempting to collect the subject debt. Defendant disclosed to Plaintiff's mother and Plaintiff's co-workers that Defendant was calling in an attempt to collect a debt from Plaintiff.

Defendant knew that neither Plaintiff's mother nor his co-workers had a legitimate business need for the information it disclosed to them.

46. By disclosing this information to Plaintiff's mother and co-workers, whom otherwise had no information regarding Plaintiff's financial situation, Defendant subjected Plaintiff to considerable emotional distress, embarrassment and humiliation.

47. Defendant violated § 14-202(6) by calling Plaintiff's cell phone repeatedly and incessantly, at an average of five (5) times per day, five (5) days per week, for nearly two (2) years.

48. By any reasonable standard, this call frequency is abusive and harassing.

49. As described in paragraphs 28 through 33 above, Plaintiff has suffered considerable harm and damages as a result of Defendant's unlawful collection practices as described herein.

50. As such, Plaintiff is entitled to relief pursuant to Md. Code § 14-203.

## COUNT III
### VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT
### MD. CODE §§ 13-301 et seq.

51. All prior paragraphs are incorporated into this count by reference.

52. Under § 13-301(14)(iii) of the MCPA, "unfair or deceptive trade practices" include any violations of the MCDCA.

53. Therefore, Defendant violated § 13-301 by violating the MCDCA as described herein.

54. As described in paragraphs 28 through 33 above, Plaintiff has suffered considerable harm and damages as a result of Defendant's unlawful collection practices as described herein.

55. As such, Plaintiff is entitled to relief pursuant to Md. Code § 13-301.

## COUNT IV
### INVASION OF PRIVACY – INTRUSION UPON SECLUSION

56. All prior paragraphs are incorporated into this count by reference.

57. As set forth in this complaint, Defendant has intentionally interfered with and intruded upon the solitude, seclusion and private affairs of Plaintiff without authorization or justification.

58. As set forth in this complaint, given that Plaintiff did not consent to receiving calls from Defendant to his cell phone – and, in fact, expressly revoked any such prior consent – Plaintiff had a reasonable expectation of privacy and seclusion as to his business relationship with Defendant.

59. Defendant's conduct is highly offensive to any reasonable person.

60. As a direct and proximate result of Defendant's intentional intrusion upon the solitude, seclusion and private affairs of Plaintiff, Plaintiff has been damaged in specific amounts to be proved at trial.

61. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages in such an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kwame G. Evans, respectfully requests that this Court enter judgment in his favor as follows:

A. Declaring the business practices complained of herein as unlawful and in violation of the Telephone Consumer Protection Act, the Maryland Consumer Debt Collection Act, the Maryland Consumer Protection Act and Maryland common law for invasion of privacy;

B. Enjoining Defendant from engaging in the business practices complained of herein, as provided under the TCPA (47 U.S.C. §227(b)(3)(A));

C. Awarding Plaintiff statutory damages in the amount of $1,500.00 per call, as provided under the TCPA (47 U.S.C. §§227(b)(3)(B)-(C));

D. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under the MCDCA, MCPA and Maryland common law;

E. Awarding Plaintiff punitive damages, in such amounts as determined by the jury, as provided under the MCDCA, MCPA and Maryland common law;

F. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under the MCDCA, MCPA and Maryland common law; and

G. Such other and further relief as may be just and proper.

Dated: July 20, 2017                                 Respectfully submitted,

*/s/ Harry A. Suissa*
Harry A. Suissa, Esq.
Admitted in the District of Maryland
LAW OFFICES OF HARRY A. SUISSA, P.C.
8720 Georgia Avenue, Suite 1010
Silver Spring, Maryland 20910
(301) 589-1600 (phone)
(301) 589-7752 (fax)
harry@suissalawyers.com
*Counsel for Plaintiff*

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

*/s/ Harry A. Suissa*
Harry A. Suissa, Esq.
LAW OFFICES OF HARRY A. SUISSA, P.C.